Filed 5/8/26  P. v. Ulukivaiola CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

|  |  |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>    v.<br><br>GARY BRUCE ULUKIVAIOLA,<br>    Defendant and Appellant. | C102886<br><br>(Super. Ct. No. 04F02695) |

A jury found defendant Gary Bruce Ulukivaiola guilty of first degree murder and found true a special circumstance under Penal Code[1] section 190.2, subdivision (a)(17), for a killing defendant participated in during a robbery when he was 23 years old. Defendant was sentenced to life without the possibility of parole.  Defendant later filed a motion to have an evidence preservation proceeding under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) to make a record of mitigating evidence related to his youth at the time of the crime.  The trial court denied the motion, finding him ineligible under *People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin*) to a future youthful offender parole hearing pursuant to section 3051.  Defendant appeals.

We reverse.  The court in *People v. Briscoe* (2024) 105 Cal.App.5th 479, 485, 494 (*Briscoe*) concluded, notwithstanding *Hardin*, section 3051 violates equal protection as

---

[1]    Further undesignated section references are to the Penal Code.

1

applied to youth offenders who were convicted as a major participant who acted with reckless indifference to human life. Defendant may have been so convicted and therefore might be entitled to relief under section 3051. The trial court consequently erred in summarily denying defendant's motion. Without taking a position on the correctness of *Briscoe*, we remand with directions to allow defendant the opportunity to demonstrate his eligibility for a *Franklin* hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

In our opinion from defendant's direct appeal, we summarized the crime as follows. (*People v. Faulalo* (Nov. 17, 2008, C055080) [nonpub. opn.].) In March 2004, when defendant was 23 years old, defendant, Langima'a Faulalo, Ben Taholo, and Semisi Fahiua broke into a home yelling they were police. (*Ibid.*) When the victim Danny Johnson came out of a bedroom, Taholo shot Johnson in the leg. (*Ibid.*) Johnson "kept coming and [defendant] shot him in the chest. The latter shot proved fatal." (*Ibid.*)

Defendant was tried with Faulalo and their jury was instructed on felony murder. The felony murder jury instruction stated the defendants may be guilty of murder "under a theory of felony murder, even if another person did the act that resulted in the death" if the jury found "defendant intended to commit or intended to aid and abet the perpetrator in committing the robbery" and "[w]hile committing the robbery, the perpetrator did an act that caused the death of another person."

The jury was also given a CALCRIM No. 703 special circumstances instruction for the murder under section 190.2, subdivision (a)(17) as follows: "If you decide that a defendant is guilty of first degree murder but was not the actual killer, then, when you consider the special circumstance of murder in commission of a felony, you must also decide whether the defendant acted either with intent to kill or with reckless indifference to human life. [¶] … [T]he [prosecution] must prove either that the defendant intended to kill, or the [prosecution] must prove all of the following: [¶] 1. The defendant was a major participant in the crime; [¶] AND [¶] 2. When the defendant participated in the

2

crime, he acted with reckless indifference to human life." The instruction also stated: "The [prosecution] do[es] not have to prove that the actual killer acted with intent to kill or reckless indifference to human life in order for the special circumstances of murder in commission of a robbery to be true."

In November 2006, the jury found defendant guilty of first degree murder, found the special circumstance allegation true "within the meaning of … [s]ection 190.2[, subdivision ](a)(17)," and found true three firearm enhancements. The jury also found defendant guilty of first degree robbery with the same firearm enhancements being true.

Defendant was sentenced to life without the possibility of parole for the special circumstance murder, plus 25 years to life for a firearm enhancement. Defendant's imposed robbery sentence, with enhancements, was stayed under section 654.

In May 2022, defendant filed a motion to have an evidence preservation proceeding under *Franklin* to make a record of mitigating evidence related to his youth at the time of the crime. The trial court vacated the hearing after our Supreme Court's opinion in *Hardin*. Defendant refiled the motion in October 2024, arguing he is still entitled to relief under a new appellate court case, *Briscoe*. The trial court denied this motion in December 2024. The trial court reasoned: "Similar to the defendant in this case, both defendants in *Hardin* and *Briscoe* involved [life without the possibility of parole] sentence[es] following a special circumstance murder conviction. The court declines to follow the ruling in *Briscoe* and will follow the mandate of the Supreme Court in *Hardin*."

Defendant appeals.

DISCUSSION

"California's youth offender parole statute offers opportunities for early release to certain persons who are incarcerated for crimes they committed at a young age." (*Hardin*, *supra*, 15 Cal.5th at p. 838.) To this end, section 3051 requires the Board of Parole Hearings to hold a parole hearing "for the purpose of reviewing the parole

3

suitability of any prisoner who was 25 years of age or younger … at the time of the controlling offense." (§ 3051, subd. (a).) Specifically, "[a]n offender sentenced to a determinate term becomes eligible for parole after 15 years ([§ 3051], subd. (b)(1)); an offender sentenced to an indeterminate life term of fewer than 25 years to life becomes eligible after 20 years ([§ 3051], subd. (b)(2)); and an offender sentenced to an indeterminate life term of 25 years to life, or an offender sentenced to life without parole for a crime committed before the age of 18, becomes eligible after 25 years ([§ 3051], subd. (b)(3), (4))." (*Hardin*, at p. 843.) A *Franklin* hearing permits parties to preserve evidence relevant to a future youthful offender parole hearing under section 3051. (*In re Cook* (2019) 7 Cal.5th 439, 458-459.)

"Certain persons are, however, categorically ineligible for youth offender parole hearings" (*Hardin*, *supra*, 15 Cal.5th at p. 843), including "cases in which an individual is sentenced to life in prison without the possibility of parole for a controlling offense that was committed after the person had attained 18 years of age." (§ 3051, subd. (h).)

Defendant has a life without parole sentence based on the special circumstance finding for a crime he committed when he was older than 18, disqualifying him from a youthful offender parole hearing under 3051. (§ 3051, subd. (h).) This would render a *Franklin* hearing inapplicable to him. (*In re Cook*, *supra*, 7 Cal.5th at p. 449 [explaining *Franklin* hearings are to "effectuate [the] intent" of § 3051].) However, defendants found guilty of first degree felony murder under section 189, subdivision (e)(3)—who were under 25 years old at the time of the crime—are eligible for a youthful offender parole hearing at 25 years of incarceration. (§ 3051, subd. (b)(3); *Briscoe*, *supra*, 105 Cal.App.5th at p. 485; *Hardin*, *supra*, 15 Cal.5th at p. 859 ["In California, a conviction for first degree murder generally results in a life sentence with parole eligibility after 25 years"].) And the Legislature "amended section 189 to limit felony-murder liability—in part by directly incorporating the section 190.2, subdivision (d) standard into the definition of first degree felony murder under

4

section 189, subdivision (e)(3). [Citation.] The result is that today, those convicted of first degree felony murder under section 189 must have violated the exact same standard of conduct as special circumstance murderers under section 190.2, subdivision (d)." (*Briscoe*, at p. 491.) Specifically, section 190.2, subdivision (d) provides: "[E]very person, not the actual killer, who, with reckless indifference to human life and as a major participant, aids … in the commission of a felony enumerated in paragraph (17) of subdivision (a) which results in the death of some person or persons, and who is found guilty of murder in the first degree therefor, shall be punished by death or imprisonment in the state prison for life without the possibility of parole." And now section 189, subdivision (e) permits murder liability for a person who was not the actual killer or did not act with the intent to kill but was "a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2." (§ 189, subd. (e)(3).)

Defendant contends section 3051 violates equal protection because first degree felony murder and the special circumstance finding employ the same standard, and yet persons convicted under the former are afforded relief under section 3051 but not those, such as himself, convicted under the latter. Defendant argues this was the finding in *Briscoe* and we should follow that case to grant him "an opportunity to demonstrate that the jury's special circumstance finding rested on" the basis he was a major participant who acted with reckless indifference to human life. The People contend *Briscoe* was wrongly decided and we should not follow its reasoning. We cannot conclude whether *Briscoe* would apply to defendant even assuming it is correct and consequently remand for further development of the record.

"The equal protection clause of the Fourteenth Amendment to the United States Constitution provides that no state may 'deny to any person within its jurisdiction the equal protection of the laws.' … 'At core, the requirement of equal protection ensures that the government does not treat a group of people unequally without some

5

justification.' [Citation.] [¶] The degree of justification required to satisfy equal protection depends on the type of unequal treatment at issue." (*Hardin*, *supra*, 15 Cal.5th at p. 847, fn. omitted.) For the classification at stake here, based on a person's criminal sentence, "the 'general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest.' [Citations.] A court applying this standard finds 'a denial of equal protection only if there is no *rational* relationship between a disparity in treatment and some legitimate government purpose.' " (*Ibid.*) We analyze equal protection claims de novo. (*Briscoe*, *supra*, 105 Cal.App.5th at p. 487.)

Our Supreme Court in *Hardin* concluded section 3051 did not violate equal protection for providing parole to those who committed their offense when 18 years of age or younger (juveniles) and are serving life without parole sentences but not all young adult offenders who committed their offense under 25 years of age who are also serving life without parole sentences. (*Hardin*, *supra*, 15 Cal.5th at pp. 838-839.) The court reasoned: "When it was considering whether to expand the youth offender parole system to include not only juvenile offenders but also certain young adults, the Legislature could rationally balance the seriousness of the offender's crimes against the capacity of all young adults for growth, and determine that young adults who have committed certain very serious crimes should remain ineligible for release from prison. [The defendant] has not demonstrated that the Legislature acted irrationally in declining to grant the possibility of parole to young adult offenders convicted of special circumstance murder, even as it has granted youth offender hearings to young adults convicted of other offenses." (*Ibid.*) But the court made this conclusion "[w]ithout foreclosing the possibility of other as-applied challenges to the statute." (*Ibid.*)

Then came the First Appellate District's opinion in *Briscoe*. There, the defendant raised an equal protection challenge to section 3051's inclusion of youth offenders convicted of first degree felony murder under section 189, subdivision (e)(3) while

excluding those sentenced for felony-murder special-circumstance murder under section 190.2, subdivision (d). (*Briscoe*, *supra*, 105 Cal.App.5th at pp. 489-490.) The appellate court agreed with the challenge. (*Id*. at p. 485.)

The court in *Briscoe* started with the purpose of section 3051, which "is to 'expand[] opportunities for early release based on the attributes of youth.' " (*Briscoe*, *supra*, 105 Cal.App.5th at p. 491, quoting *Hardin*, *supra*, 15 Cal.5th at p. 855.) But this purpose could not supply a rational basis for the challenged exclusion, noting "[n]one of the relevant authorities suggest that the mitigating attributes the statute recognizes provide a rational basis to exclude youth offenders who committed one crime versus another." (*Briscoe*, at p. 492.) Nor could differing culpability provide a rational basis, as it did in *Hardin*. (*Briscoe*, at p. 492.) The court in *Briscoe* observed that both sections 190.2, subdivision (d) and 189, subdivision (e)(3) "now require a person who is not the actual killer or did not have the intent to kill to be a major participant in the underlying felony and act with reckless indifference to human life." (*Briscoe*, at p. 489.) The court concluded that because "[s]ection 190.2, subdivision (d) describes the exact same circumstances and conduct that are now necessary to support a conviction for first degree felony murder under section 189, subdivision (e)(3)[,] [t]he disparate treatment of offenders who committed murder per these identical provisions during the same underlying felonies cannot reflect any difference in culpability." (*Briscoe*, at p. 492.) Accordingly, excluding accomplices, who did not actually kill the victim or have an intent to kill, from youth offender parole hearings because they have a section 190.2 special circumstance finding, while allowing defendants who have a conviction solely under section 189, subdivision (e)(3) to seek that relief, violates equal protection on an as-applied basis. (*Briscoe*, at p. 495.)

We conclude the record does not conclusively demonstrate whether *Briscoe* necessarily applies here. *Briscoe* involved a special circumstance finding under section 190.2, subdivision (d) (*Briscoe*, *supra*, 105 Cal.App.5th at p. 485), and defendant

here was convicted of his special circumstance finding under section 190.2, subdivision (a)(17).  A felony-murder special-circumstance finding under 190.2, subdivision (a) can be made either for the actual killer under subdivision (b), an aider and abettor with the intent to kill under subdivision (c), or a major participant who acted with reckless indifference to human life under subdivision (d).  (*People v. Strong* (2022) 13 Cal.5th 698, 704.)  The jury in defendant's trial was instructed under both the subdivision (c) and subdivision (d) standards, permitting the special circumstance to be found true if defendant had the intent to kill or was a major participant who acted with reckless indifference to human life; there was no instruction allowing the jury to convict defendant as the actual killer.  Our prior opinion indicates defendant was the actual killer. (*People v. Faulalo*, *supra*, C055080.)  But, as our Supreme Court has cautioned, while appellate opinions are generally considered to be part of the record of conviction, "the probative value of an appellate opinion is case specific, and 'it is certainly correct that an appellate opinion might not supply all answers.' "  (*People v. Lewis* (2021) 11 Cal.5th 952, 972.)  And the relevant statement here was in the factual summary of our prior opinion and not a finding necessary to that decision.  (*Dow v. Honey Lake Valley Resource Conservation Dist.* (2021) 63 Cal.App.5th 901, 911-912 [law of the case doctrine applies to only " ' "a principle or rule of law necessary to the decision" ' "].)  Thus, based on the record before us, defendant could have been convicted under the same standards as the defendant in *Briscoe* and *Briscoe* was not necessarily foreclosed by *Hardin*.  The trial court therefore incorrectly summarily denied defendant's motion based on *Hardin* alone.

The People acknowledge, "One of the theories of liability presented to [defendant's] jury as to the felony-murder special circumstance was major participation in a robbery with reckless indifference to life."  However, the People continue, "*Briscoe*'s as-applied equal protection analysis on this issue was incorrect."  But we need not

conclusively determine whether *Briscoe* was properly decided because the trial court never determined whether *Briscoe* could even apply to defendant.

Because defendant may have been convicted as a major participant who acted with reckless indifference, we conclude the trial court erred in summarily denying his motion for a *Franklin* hearing under *Hardin*. However, we decline to determine in the first instance defendant's eligibility for a *Franklin* hearing and remand the matter to allow defendant to establish he is entitled to a *Franklin* hearing. We express no opinion as to what the trial court's decision should ultimately be in that regard.

DISPOSITION

The order denying defendant's request for a *Franklin* hearing is reversed, and the matter is remanded for further proceedings consistent with this opinion.

/s/ _____<br>ROBIE, Acting P. J.

We concur:

/s/ _____
KRAUSE, J.

/s/ _____
MESIWALA, J.

9